IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DONALD MORRIS and JEANNE MORRIS,**

    **Plaintiffs,**

**v.**

**TOMIKA JONES,**

    **Defendant.**                                          **Case No. 07-cv-568-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

      The instant matter is raised *sua sponte* as part of the Court's independent obligation to assure itself of jurisdiction over the parties' controversy.[1] "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868);** ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928,**

---

[1] The Court notes that Defendant has filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 6), but does not address the diversity of citizenship issue that is evident from the face of the Complaint which therefore requires the Court's immediate attention.

930-31 (7th Cir. 1993); ***Kanzelberger v. Kanzelberger***, **782 F.2d 774, 777 (7th Cir. 1986)**. The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.

In the Complaint (Doc. 2), Plaintiff has alleged that diversity jurisdiction exists, but fails to plead any allegations regarding the parties' citizenship. The Court notes that while the civil cover sheet does indicate the Plaintiffs and Defendant are citizens of different states, this will not suffice. Allegations of citizenship, demonstrating diversity, must be made in the pleadings, demonstrating complete diversity. Until this has been properly plead, the Court must approach this case as if jurisdiction does not exist. Along these lines, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.

While the Court is not stating diversity jurisdiction does not exist, , it is currently in question and thus, not established. Unfortunately, Plaintiff's Complaint (Doc. 2) must be **DISMISSED WITHOUT PREJUDICE** for failure to properly plead and establish subject matter jurisdiction. Further, the Court hereby **FINDS AS MOOT** all other pending motions in this case. However, the Court will keep the case

file open in order to allow Plaintiff **fifteen (15) days** from the date of this Order to file a Motion for Leave to File an Amended Complaint, to include the proper jurisdictional allegations. If Plaintiff does not timely file said Motion or fails to request an extension of time, the Clerk will then be instructed to close the case file.

    **IT IS SO ORDERED**.

    Signed this 19th September, 2007.

    /s/    DavidRHerndon
    **United States District Judge**